IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0589-WJM-KLM

JAMES SWAGGERTY, Derivatively on Behalf of MOLYCORP, INC.,

    Plaintiff,

v.

MARK A. SMITH,
JOHN L. BURBA,
JOHN F. ASHBURN, JR.,
JAMES S. ALLEN,
ROSS R. BHAPPU,
BRIAN T. DOLAN,
ALEC MACHIELS,
MARK S. KRISTOFF,
CHARLES R. HENRY,
JACK E. THOMPSON,
RUSSELL D. BALL,
RCF MANAGEMENT, LLC.,
PEGASUS CAPITAL ADVISORS, L.P., and
MOLYCORP, INC, a Delaware corporation actually named as a Nominal Defendant,

    Defendants.

---

### ORDER GRANTING DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION AND DISMISSING CASE WITHOUT PREJUDICE

---

Pending before the Court are two shareholder derivative actions brought on behalf of Molycorp, Inc. ("Molycorp" or the "Company") against certain officers and directors of the Company for breaches of fiduciary duty and violations of law.[1] (ECF No. 1.) Currently before the Court is the Individual Defendants' Motion to Proceed in

---

[1] The related action in this District is Wells *v. Smith*, *et al.*, No. 1:12-cv-0447-WJM-KLM.

One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions ("Defendants' Motion") (ECF No. 20).

For the reasons set forth below, Defendants' Motion is granted.

## I. BACKGROUND

Plaintiff filed a Complaint in the instant case on March 7, 2012. (Compl. (ECF No. 1.)) The Related Action in this District, *Wells v. Smith, et al.,* No. 1:12-cv-0447-WJM-KLM, was filed on February 21, 2012 (collectively, the "Related Actions"). Four additional, and nearly identical, derivative lawsuits have also been filed; two of the lawsuits were filed in the Delaware Court of Chancery, and two were filed in District Court in Arapahoe County, Colorado.[2] All six actions (collectively, the "Derivative Actions") seek damages for alleged breaches of fiduciary duties owed to Molycorp.

On March 14, 2012, Defendants filed a Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions. (Motion (ECF No. 8.)) On March 26, 2012, Plaintiffs filed their Consolidated Opposition to Defendants' Motion (ECF No. 14), and Defendants filed their Reply Brief in Support of their Motion on April 9, 2012 (ECF No. 27).[3]

---

[2] *Gaines v. Smith, et al.*, Case No. 7282 (Del. Ch.), filed on February 24, 2012, and *Paskowitz v. Smith, et al.*, Case No. 7319 (Del. Ch.), filed on March 9, 2012, were filed in the Delaware Chancery Court. *Clem v. Smith, et al.*, No. 12 CV 392 (Colo. D. Ct., Arapahoe Cnty.), filed on February 24, 2012, and *Nationwide Consulting, Inc. v. Smith, et al.*, No. 12 CV 448 (Colo. D. Ct., Arapahoe Cnty.), filed March 5, 2012, were filed in District Court in Arapahoe County, Colorado. On April 3, 2012, the District Court in Arapahoe County entered an Order staying the two derivative cases in Arapahoe County in favor of consolidation in either this Court or the Delaware Court of Chancery.

[3] On April 16, 2012, Plaintiffs also filed an Unopposed Motion for Leave to Cite Supplemental Authority in Support of their Opposition to Defendants' Motion (ECF No. 34),

This Motion is now ripe for resolution.

## II. ANALYSIS

### A. Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions

Defendants argue that the Court should consolidate the Derivative Actions in a single jurisdiction and dismiss or stay the cases before this Court pending the outcome of the actions in the other jurisdictions. Plaintiffs agree that the Derivative Actions should consolidated before a single Court, but disagree on which is the proper forum for consolidation – Defendants argue that these cases should be consolidated in the Delaware Court of Chancery, and Plaintiffs assert that they should be consolidated in this Court.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). When a concurrent state action is pending, a federal court may enter a stay in a parallel action to promote "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

The Court in *Colorado River* instituted a two part test for determining whether a court should stay or abstain from an action when a related case is pending: (1) the two suits must be "parallel;" and (2) there must be "exceptional circumstances" that favor

---

which the Court then granted (ECF No. 35).

abstention. *See Hamilton v. Emerald Isle Lending Co.*, No. 10-cv-02713, 2011 WL 02713, at *12 (D. Colo. Apr. 6, 2011). While a court can consider several factors to determine if "exceptional circumstances" exist, "[n]o single factor is necessarily determinative . . . and the weight given to any particular factor will vary greatly from case to case depending on the particular factual setting of the case at hand." *See LaDuke v. Burlington N R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989).

Plaintiffs do not dispute that the Derivative Actions pending in Colorado and Delaware are parallel. However, Plaintiffs argue that exceptional circumstances do not exist that permit this Court to abstain from adjudicating the Related Actions before it. Contrary to Defendants' argument, Plaintiffs assert that the Derivative Actions should be consolidated before this Court, rather than before the Delaware Court of Chancellory.

After conferring with the Delaware Court of Chancery, the Court finds that exceptional circumstances exist, and that the Derivative Actions should be consolidated before the Delaware Court. All highly relevant factors before the Court, such as the desirability of avoiding piecemeal litigation and whether federal or state law provides the rule of decision on the merits, either favor abstention or are neutral on the matter. *See Colorado River*, 424 U.S. at 817 (outlining the relevant factors). As such, abstention is appropriate. *See Hamilton*, 2011 WL 1990568, at *13 (deferring to state proceeding despite neutrality of some *Colorado River* factors).

The Derivative Actions are based on the same allegations and are best adjudicated in a single venue. "Where the complaints and issues are the same in both cases, the federal court will [] stay its own hand, especially if the issues primarily involve

state rather than federal law." Alan J. Jacobs, Derivative Actions by Shareholders, 10 FED. PROC. L. ED. § 25:180 (Mar. 2012) (citation omitted). Moreover, without consolidation, the actions will proceed simultaneously, risking different conclusions before different courts on the same issues. *See Cross Media Works, Inc. v. Reid*, No. 10-cv-401, 2010 WL 4811758, at *2 (W.D. Okla. Nov. 19, 2010) ("stay will avoid the risk of duplicative discovery and litigation . . . [an] issue only needs to be litigated once; granting the stay [] will thus promote judicial economy as well as avoid duplicative efforts by the parties."); *McCreary v. Celera Corp.*, No. 11-cv-1618, 2011 WL 1399263, at *4 (N.D. Cal. April 13, 2011) ("Permitting Plaintiffs claims to proceed in parallel with the Delaware action would waste significant judicial resources and create a serious risk of conflicting results that could impact thousands of shareholders.").

As Delaware law will govern the issues presented here, the Delaware Court of Chancery is the most logical forum for consolidation. *See McCreary*, 2011 WL 1399263, at *4 ("The unique expertise of the Delaware court in applying Delaware corporate law militates in favor of allowing the Delaware court to rule on those claims."). Further, "Delaware courts have a significant and substantial interest in overseeing the conduct of those owing fiduciary duties to shareholders of Delaware corporations." *Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007). As has been noted:

> This is not a case where a litigant, a stranger to another suit, is compelled to stand aside while the other suit determines the rule of law that will define the rights of both. Conceptually these plaintiffs and those in all the derivative actions are the same. They sue not in their own right but in the right of the corporation . . . The interests of the corporation whose rights the various plaintiffs seek to vindicate also require that this action should be stayed, to permit it to proceed would not only involve duplicitous effort but would impose additional financial burden upon the corporation . . . The single consolidated [state court] action would serve the best interest of the corporation and the stockholders.

*Weiss v. Doyle*, 178 F. Supp. 566, 570 (D.C.N.Y. 1959).

For the reasons stated above, the Court finds that abstention is appropriate, and that the Delaware Court of Chancery is the most appropriate venue for consolidation and adjudication of the Derivative Actions. Accordingly, Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions is granted, the Related Actions are dismissed without prejudice, and Plaintiffs are given leave to re-file the Related Actions in the Delaware Court of Chancery.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Individual Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions (ECF No. 8) is GRANTED; and

2. This case is DISMISSED WITHOUT PREJUDICE, and Plaintiffs are given leave to re-file the Related Actions in the Delaware Court of Chancery.

Dated this 16th day of May, 2012.

BY THE COURT:

William J. Martínez
United States District Judge